## 49230. WAGES v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

ARGUED APRIL 3, 1974 — DECIDED MAY 9, 1974 — REHEARING DENIED JUNE 12, 1974 —

80

*N. Forrest Montet,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, John D. Lowery,* for appellee.

STOLZ, Judge.

1. Succinctly stated, the issue presented is, whether an insured co-defendant (Wages) with sufficient liability insurance to satisfy judgments rendered in favor of the plaintiffs (Harrisons) against said insured co-defendant (Wages) and an uninsured motorist (Black), is entitled to recover contribution and indemnification from the plaintiff's uninsured motorist carrier (State Farm). Our research indicates this to be an issue of first impression in Georgia.

There appears to be a division of opinion in jurisdictions where this issue has previously arisen.

One view is that the intent of the uninsured motorist coverage statute and of conforming policy provisions, is not to benefit the uninsured driver, but rather to protect the insured driver, and actions thereunder are contractual in nature rather than delictual. Courts holding this view have denied the right of an insurance company paying the loss, to seek contribution from the uninsured motorist carrier of the injured person. Gautreaux v. Pierre, (La.) 254 S. 2d 476; Hobbs v. Buckeye Union Cas. Co., 212 FSupp. 349 (W.D. Va.); 7 Blashfield, Automobile Law and Practice, (3d Ed.) § 274.4, p. 55.

Another view is that the purpose of providing for uninsured motorist protection is to afford the public generally the same protection that it would have had if the uninsured motorist had carried the minimum limits of public liability coverage. Chandler v. Govt. Employees Ins. Co., 342 F2d 420 (5th Cir.).

Under our uninsured motorist law, the insurer is obligated to pay the insured "all sums which he shall be

legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." Code Ann. § 56-407.1 (Ga. L. 1963, p. 588; 1964, p. 306; 1967, pp. 463, 464; 1968, pp. 1089, 1091; 1968, pp. 1415, 1416; 1971, pp. 926, 927; 1972, pp. 882, 883; 1973, p. 487). This provision is similar to that contained in the statutes of our sister states which have differing interpretations of its meaning.

The public policy of this state is created by our Constitution, laws and judicial decisions. *Mutual Life Ins. Co. v. Durden,* 9 Ga. App. 797 (3) (72 SE 295); *Bishop v. Act-O-Lane Gas Service Co.,* 91 Ga. App. 154, 165 (85 SE2d 169). Thus, we must determine the purpose of Georgia's uninsured motorist statute. In *State Farm Mut. Auto. Ins. Co. v. Murphy,* 226 Ga. 710, 714 (177 SE2d 257), the Supreme Court, speaking through then Associate Justice, now Chief Justice Grice, stated, ". . . the purpose of the Uninsured Motorist statute is to place the insured in the same position as if the tortfeasor had the . . . minimum coverage. The statute does not place any limitation but, as stated above, plainly provides for payment of *all sums* the insured is legally entitled to recover." (Emphasis supplied.) See also *Travelers Indem. Co. v. Williams,* 119 Ga. App. 414, 417 (167 SE2d 174) and cit., where this court stated, in referring to an insurer's interpretation of its policy's provisions on uninsured motorist coverage, ". . . 'It undertakes to pay the insured not "all the sums which he shall be legally entitled to recover as damages," as the statute commands, but only such sum as exceeds "any other similar insurance available" to him; i.e., the amount by which the applicable limit of the policy "exceeds the sum of the applicable limits of all such other insurance." Clearly this provision places a limitation upon the requirement of the statute and conflicts with the plain terms of the statute. It is therefore illegal and of no effect.' "

In essence and effect, State Farm is seeking to limit the applicability of uninsured motorist coverage to a sum which is in excess of other insurance coverage. Nowhere in the Uninsured Motorist Act is there any provision which would allow this to be done. Such a provision in the policy itself would be read out of the policy as a

matter of law. A fortiori a different result should not be allowed where the policy in question contains no such provision. Moreover, as a matter of statutory law, "If judgment is entered jointly against several trespassers, and is paid off by one, the others shall be liable to him for contribution." Code Ann. § 105-2012 (2) (Ga. L. 1966, p. 433; 1972, p. 132).

As between the two alternatives, we prefer the broad view that the purpose in providing for uninsured motorist protection was to afford the public generally with the same protection that it would have had if the uninsured motorist had carried the same amount of coverage under a public liability policy issued in his name. As such, it follows that an insurer of a co-defendant has the right to seek contribution from the plaintiff's liability insurer which provides uninsured motorist coverage to an uninsured co-defendant.

"Where one has paid more than his share of the common burden which all are equally bound to bear, contribution can be enforced by him in an action at law or equity. The right of contribution exists in both ex contractu and ex delicto cases." *Goldhill v. Kramer*, 122 Ga. App. 39, 40 (176 SE2d 232) and cits.

2. "[A] defendant is entitled to contribution from his codefendants when these two elements exist — that is, that the judgment has been entered against both and that it has actually been paid by one in an amount exceeding his pro rata share. In this view, an actual assignment of a judgment, or having execution issued and payment entered thereon under Code § 39-608 (which is but a cumulative remedy for enforcing contribution, see *City of Rome v. Southern R. Co.*, 50 Ga. App. 185 (177 SE 520); s.c., 179 Ga. 449 (176 SE 7)) are not essential elements of the cause of action." *Powell v. Barker*, 96 Ga. App. 592, 595 (101 SE2d 113).

In the case sub judice, the co-defendant's insurer had the judgment transferred for valuable consideration to its insured, Wages, pursuant to Code § 110-901, and as such had "the same rights, and [was] subject to the same equities and to the same defenses as the original plaintiff in judgment."

In Division 1 we have held that the right to

contribution existed between the defendants. Thus, while the transfer of the judgment was not *necessary* in order to enforce the right to contribution, it would in no way preclude or prevent the enforcement of the right.

The judgment of the trial court granting the defendant's motion for summary judgment, is reversed. The judgment of the trial court denying the plaintiff's motion for summary judgment, is reversed with direction that the same be granted in an amount consistent with this opinion.

*Judgment reversed. Deen and Webb, JJ., concur.*