## 50118. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. JONES.

WEBB, Judge.

This appeal involves the validity of "other insurance" provisions applicable to uninsured motorist coverage contained in two policies of automobile insurance issued by State Farm Mutual Automobile Insurance Company to Thomas Millirons covering two automobiles owned by Millirons. Terry Jones was injured in a collision with an uninsured motor vehicle while a passenger in a vehicle owned by his employer and being driven by Millirons, the named insured in the two policies. According to State Farm's brief, "Plaintiff [Jones] became an insured under the policies by virtue of provisions in the contracts which define 'insured' as any person occupying an automobile not owned by the named insured while being operated by the named insured."

The "other insurance" provisions in the two policies are as follows: "Under coverage U [uninsured motorist coverage] with respect to bodily injury to an *insured* while occupying a motor vehicle not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.

"Subject to the foregoing paragraph, under coverage U if the *insured* has other similar insurance available to him against a loss covered by this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance." (Emphasis supplied.)

Jones moved for partial summary judgment, contending that these "other insurance" provisions are void and that he was entitled to "stack" the uninsured

motorist coverage of both policies to the extent of his damages. State Farm, on the other hand, moved for partial summary judgment contending that while the provisions are void as to persons coming within the definition of "insured" as contained in Code Ann. § 56-407.1, the provisions are nevertheless valid as to Jones since, although he was an "insured" within the policy definitions, he did not meet the definitions of "insured" under § 56-407.1.

The trial court granted Jones' motion and denied that of State Farm, and State Farm appeals with a certificate for immediate review. *Held:*

We affirm. Had the "other insurance" provisions been narrowly drawn so as to apply only to persons falling outside the definition of "insured" as contained in § 56-407.1, we could reach the questions sought to be raised by State Farm. However, these provisions of the policies apply across the board to an "insured," including "insured" as defined in § 56-407.1, and are therefore in conflict with that section and void on their face. *State Farm Mut. Auto. Ins. Co. v. Murphy,* 226 Ga. 710 (177 SE2d 257); *Travelers Indem. Co. v. Williams,* 119 Ga. App. 414 (167 SE2d 174); *State Farm Mut. Auto. Ins. Co. v. Harper,* 125 Ga. App. 696 (188 SE2d 813); *State Farm Mut. Auto. Ins. Co. v. Johnson,* 126 Ga. App. 45 (190 SE2d 113). Since the provisions are void on their face, the inquiry is ended and they cannot be held valid as applied to particular circumstances.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED JANUARY 7, 1975 — DECIDED FEBRUARY 7, 1975.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley,* for appellant.

*Owens, Littlejohn, Gower & Pugh, Neal B. Littlejohn,* for appellee.