## 51059. SPENCE v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

BELL, Chief Judge.

Plaintiff brought this suit for personal injuries against the defendant Hill as the result of an automobile collision. Plaintiff caused State Farm to be served with process under the Uninsured Motorist Act as plaintiff was an insured under an auto liability policy issued by State Farm which contained uninsured motorist coverage. State Farm answered and denied that the defendant Hill's vehicle was uninsured at the time of the accident. State Farm moved for summary judgment and the parties stipulated these facts: The vehicle of defendant Hill was insured under an automobile liability policy by another company with coverage limited to $10,000 for death or bodily injury to any one person, and $20,000 per occurrence. The policy issued by State Farm had uninsured motorist coverage for bodily injury or death of $25,000 per person and a maximum of $50,000 for bodily injury or death per accident. The trial court held that

Hill's vehicle was an insured vehicle and granted State Farm's motion for summary judgment.

Plaintiff contended that Hill's vehicle is uninsured for the difference between defendant's $10,000 policy limit and her own uninsured motorist coverage of $25,000, viz. $15,000. This presents the only issue.
*Held:*

1. Prior to the 1971 amendment to the Uninsured Motorist Act, an insurer was required to write uninsured motorist coverage on every automobile policy issued in Georgia in the amount of $10,000 because of bodily injury or death to one person in any one accident and $20,000 bodily injury coverage for the death of two or more persons in any one accident and $5,000 for property damage or destruction, subject to the right of the insured to reject this coverage in writing. (Ga. L. 1963, p. 588, as amended (Code Ann. § 56-407.1)). In 1971 the Act was amended to increase required coverage at the option of the insured to (i) $10,000 because of bodily injury to or death of one person in any one accident, $20,000 because of bodily injury to or death of two or more persons in any one accident, and $5,000 because of injury to or destruction of property of insured, or (ii) not less than $25,000 because of bodily injury to or death of one person in any one accident, and $50,000 because of bodily injury or death of two or more persons in any one accident, and $10,000 because of injury to or destruction of property of the insured. (Ga. L. 1971, p. 926 (Code Ann. § 56-407.1(a), as amended)). The Act defines an uninsured motor vehicle in pertinent part as follows: ". . . as to which there is (i) no bodily injury liability insurance and property damage liability insurance or as to which there is bodily injury liability insurance and property damage liability insurance with limits less than the amounts specified in subsection (a) of this section, but it will be considered uninsured only for that amount between the limit carried and the limit required in subsection (a) of this section . . ." Code Ann. § 56-407.1 (b).

State Farm contends that since the defendant Hill's vehicle had liability insurance for one of the "amounts specified" in subsection (a) it cannot be an uninsured motor vehicle under the statutory definition. But the

very plain words of the statute show to the contrary. The terms used in the statutory definition "with limits less than the amounts specified" and "limit required" all mean the amount of this type of coverage that an insured elects to purchase and which an insurer is required to furnish. This is the only construction that can be placed on this statute. Thus by the very terms of the definition the defendant Hill's vehicle is uninsured between the "limit carried" (10,000) and the "limit" State Farm was "required" to furnish under the policy on which plaintiff makes her claim. To adopt the State Farm position would lead to the absurd result that the only time an insured could take advantage of the limits purchased in the higher amount is when he is injured by a completely uninsured motorist or one that has less than $10,000/ 20,000 coverage.

2. State Farm also contends that subsection (d) of the Uninsured Motorist Act shows a legislative intent that the required limit is the lesser amount of coverage. Code Ann. § 56-407.1 (d). That section states in part that a motor vehicle shall not be deemed to be an uninsured motor vehicle when an owner or operator of a vehicle deposits security under Section 9 of the Motor Vehicle Safety Responsibility Act in the amount of $10,000 where only one person was injured or killed, and $20,000 where more than one is injured or killed. Under the Motor Vehicle Safety Responsibility Act, a vehicle operator involved in an accident is required to deposit security in the above amounts to satisfy any judgment for damages which may be recovered as the result of the accident. Code Ann. § 92A-610. As exceptions to this requirement, the operator may show proof of liability insurance in effect at the time of the accident or by posting a bond. Code § 92A-605 (a) (c) and (d). All this means is that a person who complies with the Safety Responsibility Act by actually depositing security with the Public Safety Director (which, obviously, he would not do if he in fact had liability insurance or if he chose to post a bond) is deemed to be an insured under the Uninsured Motorist Act only to the extent of his deposit. Thus, where as here, a person's coverage under the Uninsured Motorist Act is in excess of amounts of the security deposited by another

under the Motor Vehicle Responsibility Act, the person having the uninsured coverage is entitled to recover the difference between the amount of the security deposit and the uninsured coverage provided by one's policy.

The trial court erred in granting State Farm's motion for summary judgment and that judgment is reversed.

*Judgment reversed. Webb and Marshall, JJ., concur.*

ARGUED SEPTEMBER 16, 1975 — DECIDED OCTOBER 23, 1975— REHEARING DENIED NOVEMBER 5, 1975 —

*Alexander, Vann & Lilly, William U. Norwood,* for appellant.

*Divine, Wilkin, Deriso & Raulerson, Kelly Raulerson, Edgar B. Wilkin, Donald D. Rentz, Clarence A. Miller,* for appellees.