## 52982. TRAVELERS INDEMNITY COMPANY v. LIBERTY LOAN CORPORATION OF POPLAR.

ARGUED OCTOBER 5, 1976 — DECIDED NOVEMBER 1, 1976 —
REHEARING DENIED NOVEMBER 17, 1976 —

*Freeman & Hawkins, Albert H. Parnell, Alan F. Herman, A. Timothy Jones,* for appellant.

*Greene, Buckley, DeRieux & Jones, John D. Jones, Daniel A. Angelo, Gregory Digel,* for appellee.

DEEN, Presiding Judge.

1. The appellee relies upon *Wages v. State Farm Mut. Auto. Ins. Co.,* 132 Ga. App. 79 (1) (208 SE2d 1) as controlling in this case; we agree that to the `extent that the facts of the two litigations are alike, *Wages* will indeed control. *Wages* lays down four pertinent rules of law: (1)

The purpose of the uninsured motorist statute is to place the insured in the same position as if the tortfeasor had the minimum coverage, as stated in *State Farm Mut. Auto. Ins. Co. v. Murphy,* 226 Ga. 710, 714 (177 SE2d 257); (2) uninsured motorist insurance cannot be limited to "excess" insurance only; (3) the purpose of the insurance is to afford the public generally (not just the insured driver) the same protection that would ensue if the uninsured motorist had carried the minimum limits of public liability coverage, and (4) it is accordingly the public policy of this state that, where there are co-defendants one of whom would be entitled to contribution from the others on paying off the judgment, such contribution may be sought, as to an uninsured co-defendant, from the uninsured motorist carrier. In *Wages* the plaintiff sued joint tortfeasors whose concurrent acts of negligence had combined to cause the injury. We adopt here the holdings above set forth, limiting them to the circumstances stated.

2. The appellant relied on U. S. F. & G. Co. v. Byrum, 206 Va. 815 (146 SE2d 246), a case on all fours with the present litigation. The Jernigans were insured by Celina Mut. Ins. Co., which policy contained uninsured motorist provisions. The defendants were Byrum, the vehicle operator, who carried no insurance, and his employer Perry Co. which had a policy with U. S. F. & G. Co. which then sued Celina and Byrum to recover all or at least one half of its loss. Thus we have substantial identity with the present case: both differ from *Wages* in that, instead of co-defendants who are joint tortfeasors, we have defendants whose liability depends on actual and imputed negligence respectively. This is the crucial point in Byrum. The pertinent holdings are: (1) that the Byrum vehicle was not necessarily an "uninsured" vehicle in respect to the accident because, although it was not owned by Perry Co., it was in fact covered by liability insurance procured by the defendant employer covering negligent acts of its employees. (2) The parties were not joint tortfeasors. (3) If plaintiff's insurer, under uninsured motorist provisions of its policy, had paid off the claims, it would have been subrogated to the plaintiff's rights against the negligent third parties. (4) Under no theory of

either contribution or indemnification was the employer's insurer entitled to recovery against the insurer of the plaintiffs.

3. We do not feel, as the parties contend, that the *Wages* and Byrum cases are antithetical. *Wages* expresses the law of this state applicable where an insured plaintiff sues joint tortfeasors whose concurrent acts of negligence combined to injure him, one of whom carries insurance applicable to the accident while the other is uninsured. In such event the insured tortfeasor is entitled to contribution under Code § 105-2012 against his co-defendant, since "if judgment is entered jointly against several trespassers, and is paid off by one, the others shall be liable to him for contribution." Defendants are joint tortfeasors when their separate and distinct acts of negligence concur to proximately produce an injury. *Albany Coca-Cola Bottling Co. v. Shiver,* 67 Ga. App. 359 (3) (20 SE2d 181); *Reeves v. McHan,* 78 Ga. App. 305 (1) (50 SE2d 787). On the other hand, where the liability of the employer for the negligent acts of his employee rests only on the doctrine of respondeat superior, the employer becomes liable although he was not negligent because the employee's negligence was imputed to him as a matter of law, and thus the nonnegligent employer is not a "joint tortfeasor" in the sense in which the phrase is ordinarily used, and in the sense in which it was used in *Wages.* "The liability of the master or principal does not depend on his own negligence. . . The general law governing joint tortfeasors is not applicable in an action against the operator of a motor vehicle and his employer based on the doctrine of respondeat superior." 6 Blashfield, Automobile Law and Practice (3d Ed.), § 252.2, pp. 54, 55. The liability of the employee to the employer in such a situation is to be decided under applicable principles of agency or of master and servant. In saying this we are not adjudicating that the employer has no right of action over against the employee. That it may indeed have one is illustrated in *Central of Ga. R. Co. v. Macon R. &c. Co.,* 9 Ga. App. 628, 632 (71 SE 1076) (decided under laws relating to contribution which no longer obtain) stating a time-honored rule: "But there may be cases in which a person who has suffered loss or damage may have the

right to sue two persons as if they were joint wrong-doers, without their being, as among themselves, joint wrong-doers. A.'s servant, B., negligently injures C. in the performance of A.'s work. From C.'s standpoint, A. and B. are joint wrong-doers, but as among themselves B. is the wrong-doer and A. is subjected to liability merely by the doctrine of respondeat superior; so that, if C. sues A. alone and compels him to pay the damage, A., in turn, may compel B. to indemnify him for the loss." This type of indemnity is obviously not that for which uninsured motorist insurance was created.

So far as the question of "uninsured motor vehicle" is concerned, we adopt the general rule as stated in 26 ALR3d, Anno., pp. 883, 892, that "so long as there is insurance 'applicable to the accident' the vehicle causing the injury is 'insured' for purposes of uninsured motorist coverage, no matter for whom the insurance was purchased." We are, under *Wages,* committed to an extension of this doctrine to the extent that where there are two or more tortfeasors whose several acts of negligence combine to cause the injury complained of, the co-defendant paying the entire claim is, under Code § 105-2012, entitled to contribution from the joint tortfeasor. Where the negligence of only one causes the injury, and another is liable under principles of respondeat superior and such other in fact satisfies the entire claim that other's applicable insurance inures to the wrongdoer, and accordingly he is neither "uninsured" for purposes of uninsured motorist insurance, nor is the employer entitled to collect indemnity from the insurer of the plaintiff.

The trial court erred in granting summary judgment to the plaintiff and denying the motion of the defendant.

*Judgment reversed. Smith, J., concurs. Webb, J., concurs specially.*

WEBB, Judge, concurring specially.

I concur in the judgment but find it necessary to state my views separately since the majority opinion gives the impression that an employer whose liability is derivative cannot obtain contribution. I agree that *Wages v. State Farm Mut. Auto. Ins. Co.,* 132 Ga. App. 79 (208 SE2d 1) is

not applicable here because in *Wages* there were three automobiles involved — one being driven by plaintiff; the second being driven by Bennett, owned by his employer Wages, and insured by Hanover; and the third, which was the uninsured automobile, being driven by Black. Plaintiff obtained judgment against Bennett and Black for their actual negligence, and against Wages under respondeat superior; Hanover paid off on behalf of Wages; and a contribution suit against plaintiff's uninsured motorist carrier was instituted in Wages' name. We held that "the purpose in providing for uninsured motorist protection was to afford the public generally with the same protection that it would have had if the uninsured motorist had carried the same amount of coverage under a public liability policy issued in his name." Plaintiff's uninsured motorist carrier was thus viewed as if it were Black's liability carrier, and in that light was subject to Wages' claim for contribution. Wages' liability to plaintiff had been purely derivative, and thus the statement by the majority in the headnote that a vicariously-liable employer cannot have contribution since he is not an actual wrongdoer is incorrect.

In the instant case Thompson, the driver, is Bennett's counterpart; Liberty Loan, the employer, is Wages' counterpart; and Reliance, the employer's insurer, is Hanover's counterpart. But Black, the uninsured motorist in *Wages,* has no counterpart here. This leaves Thompson as the only possible party upon whom plaintiff's uninsured motorist coverage could, in legal contemplation, be superimposed for contribution purposes as in *Wages.* Thus the question for decision — was the vehicle driven by Thompson an "uninsured motor vehicle" within the meaning of the uninsured motorist statute, Code Ann. § 56-407.1?

The statutory definition is "a motor vehicle . . . as to which there is (i) no bodily injury liability insurance . . ." Code Ann. § 56-407.1 (b). It is my view that while Thompson had not personally procured liability insurance, his vehicle should not be considered uninsured since Liberty Loan was insured against bodily injury liability arising out of Thompson's negligent acts while operating the vehicle. The parties have stipulated that

Liberty Loan paid the amounts of the judgments to plaintiffs from the coverage provided it by its bodily injury liability policy with Reliance, and my view is that liability insurance which is applicable to the injuries is tantamount to insurance which is applicable to the vehicle for uninsured motorist purposes. Thus contribution is being disallowed in this case not because Liberty Loan is only vicariously liable, but because Thompson's vehicle was not an uninsured motor vehicle within the meaning of the statute.