## 53051. GEORGIA HEART ASSOCIATION, INC. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

QUILLIAN, Presiding Judge.

Plaintiff, Georgia Heart Association, brought this action "for indemnification" against State Farm Insurance Company as a result of a prior suit by State Farm's insured, James Berry, against Jesse Bernstein and the Heart Association. Bernstein was acting within the scope of his employment for the Heart Association when he was involved in an automobile collision with State Farm's insured — Berry. Berry served a copy of his complaint on State Farm and it filed defensive pleadings. The Heart Association filed a cross claim against its employee for indemnification in the event it was found to be liable to the plaintiff.

Verdict and judgment in the collision case were for plaintiff Berry for $14,000 against both defendants, and for Bernstein on the cross claim by the Heart Association. Motions for a new trial by Berry and the Heart Association were granted. Thereafter all parties, by agreement, submitted the case to the judge without a jury upon stipulated facts. The court granted judgment for Berry against both defendants for $25,000, and for the Heart Association against its employee for $25,000. The Heart Association then brought this action "for indemnification" against State Farm who was the insurer of Berry in the auto collision on the basis of the decision of this court in *Wages v. State Farm,* 132 Ga. App. 79 (208 SE2d 1) cert. den. The court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment. Plaintiff appeals both decisions. *Held:*

1. *Marietta Yamaha v. Thomas,* 237 Ga. 840, held that even though there is a proper appeal from the grant of a summary judgment, an appeal will not lie from a denial of a motion for summary judgment without an interlocutory order. The procedure of Code Ann. § 6-701 (a) 2 (A) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758) not being followed we will not consider the enumeration regarding the denial of the motion for

summary judgment.

2. Plaintiff states that the present action is one "for indemnification against" State Farm, but relies upon *Wages* which is based upon "contribution." Because of the decision we reach we need not decide whether there is a distinction which is legal, semantical, or immaterial.

In *Wages* the plaintiff (Harrison) was injured in an auto collision by two tortfeasors (an uninsured motorist — Black, and Bennett, an employee of Wages). After judgment for plaintiff against all three defendants (Black, Bennett, and Wages), Wages paid the entire amount and received a transfer of the judgment. Wages then sued the plaintiff's insurer (State Farm) for contribution on the basis that State Farm covered the insured plaintiff with an uninsured motorist clause, that defendant Black was an uninsured motorist, and as Wages "is entitled to contribution from his codefendants" (Black and Bennett), State Farm should be liable for Black's contribution. This court agreed. *Wages* specifically held that "the purpose in providing for uninsured motorist protection was to afford the public generally with the same protection that it would have had if the uninsured motorist had carried the same amount of coverage under a public liability policy issued in his name. As such, it follows that *an insurer of a co-defendant has the right to seek contribution from the plaintiff's liability insurer which provides uninsured motorist coverage to an uninsured co-defendant.*" (132 Ga. App. at 83) (Emphasis supplied.)

Our case is distinguishable from *Wages*. It is almost identical to *Travelers Indem. Co. v. Liberty Loan Corp.*, 140 Ga. App. 458. In *Travelers,* its insured (Rateree) was killed in a collision with the employee (Thompson) of Liberty Loan. The employee did not carry insurance on his car. Liberty Loan did have employee liability insurance and the employee was within the scope of his employment at the time of the collision. Judgment for plaintiff was paid by Liberty Loan and then he brought action for indemnification from the plaintiff's insurer (Travelers).

Although I cannot concur in the complete wording of the holdings of this court in *Wages* and *Travelers,* supra,

those decisions control the result reached in this case. *Travelers* held: "Contribution exists between joint wrongdoers whose several acts of negligence combine to injure the plaintiff. [However] [a] non-negligent codefendant who is liable only as an employer or principal under the doctrine of respondeat superior, and who pays off a judgment jointly entered against it and its negligent employee or agent is not entitled to contribution or indemnification from the plaintiff's insurer on a public automobile liability policy containing an uninsured motorist endorsement since the [co]defendants are not joint tortfeasors in the sense that the one paying off the judgment is entitled to contribution from the other."

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED NOVEMBER 3, 1976 — DECIDED DECEMBER 2, 1976 — REHEARING DENIED DECEMBER 17, 1976.

*Greene, Buckley, DeRieux & Jones, Alfred B. Adams, III, Gregory J. Digel,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, Thomas P. Miller, C. McNeill Leach,* for appellee.