## 54012, 54013. JONES v. ASSOCIATED INDEMNITY CORPORATION (two cases).

MCMURRAY, Judge.

On January 28, 1975, Dwight and Willie Jones were passengers in an automobile owned and operated by Clyde Weaver which was insured by Associated Indemnity Corporation. The automobile was struck in the rear by another automobile, and each passenger suffered personal injury and incurred medical expenses for treatment of same.

In separate suits both Dwight Jones and Willie Jones sued Associated Indemnity Corporation for the expenses of medical services resulting from the collision, contending that as beneficiaries under the policy they were entitled to recover same from the defendant. Each of them also seeks the penalty authorized by Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 562; 1962, p. 712) (25% of the liability of the insurer of the loss), and all reasonable attorney fees for the prosecution of the case.

After discovery both plaintiffs moved for judgment on the pleadings and these motions were denied on June 2, 1976. No one sought certificates for immediate review, and a petition for interlocutory appeal was not filed in this court. Thereafter, on January 7, 1977, defendant moved for summary judgment in each case, and these motions were granted. Plaintiffs appeal. *Held:*

1. A motion for judgment on the pleadings after hearing evidence in which matters outside the pleadings are presented and not excluded is treated as one for summary judgment. § 12 CPA (Code Ann. § 81A-112 (c)) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). The denial of summary judgment cannot be reviewed except by direct appeal with a certificate of the trial judge and an application for review to the appropriate appellate court. *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840, 842 (229 SE2d 753); *Ga. Heart Assn., Inc. v. State Farm Mut. Auto. Ins. Co.,* 140 Ga. App. 860 (1) (232 SE2d 271). Accordingly, the first enumeration of error in both cases complaining of denial of plaintiffs' motions for judgment on the pleadings are not meritorious inasmuch as no proper appeal was taken within 30 days of the denial thereof on June 2, 1976.

2. This action was predicated on a contract of insurance issued by defendant to Clyde Weaver. Plaintiffs rely upon Part 2, Division 2 of this policy which provided for the payment of all reasonable and necessary medical expenses incurred by any person, other than the named insured or relative of the named insured (covered in Division 1), who sustains bodily injury caused by accident while occupying the owned automobile while being used by the named insured. In the case sub judice defendant has taken the tack that plaintiffs are seeking to recover under provisions of an uninsured motorist endorsement which formed a part of this insurance policy as required by Code Ann. § 56-407.1 (Ga. L. 1963, p. 588 as amended). The essence of defendant's contention is that the plaintiffs did not comply with the requirements of Code Ann. § 56-407.1 (c), supra, and a similar requirement as set forth in the language of the uninsured motorist endorsement to the insurance policy. Without reaching the merits of defendant's arguments we note that uninsured motorist

coverage is designed to allow the injured insured to receive ". . . all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured vehicle. . ." Code Ann. § 56-407.1 (a), supra. Recovery under the portions of the policy relied on by plaintiffs is not limited to the sums which the plaintiffs are entitled to recover as damages from the owner or operator of another vehicle involved in the accident. Therefore, defendant's contention that provision number 9 of the uninsured motorist endorsement "replaces any other provisions of the policy, including any endorsement forming a part thereof, affording a similar insurance with respect to any damages arising out of the ownership, maintenance, or use of an uninsured vehicle or hit and run vehicle" is relevant to the determination as to which portion of the insurance policy plaintiffs are seeking to recover under is not correct. The recovery under the general coverage which plaintiffs are seeking is dissimilar from the insurance provided in the uninsured motorist endorsement.

The record contains evidence that plaintiffs were insured as passengers under the motor vehicle insurance policy issued by defendant to Clyde Weaver; that there was a collision of motor vehicles in which plaintiffs were injured resulting in medical expenses and that these medical expenses appear to be compensable under the general provisions of the insurance policy. We cannot agree that there was no issue of material fact. The court erred in granting summary judgment. *Tipton v. Harden,* 128 Ga. App. 517 (4) (197 SE2d 746); *Pargo, Inc. v. Kennedy,* 128 Ga. App. 843 (198 SE2d 330).

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

SUBMITTED MAY 23, 1977 — DECIDED JULY 14, 1977 —
REHEARING DENIED JULY 29, 1977.

*Richard R. Kirby,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, F. Clay Bush,* for appellee.