## 54231. COTTON STATES MUTUAL INSURANCE COMPANY v. AUSTIN et al.

BANKE, Judge.

The question before the court on appeal is whether a negligent driver carrying minimum liability insurance becomes an "uninsured motorist" under the Uninsured Motorist Act to the extent the other driver's actual damages exceed his insurance coverage.

If he is an uninsured motorist, the injured driver can pyramid or "stack" the uninsured motorist coverage of all his policies in order to recover his excess damages. *State Farm Mut. Auto. Ins. Co. v. Murphy,* 226 Ga. 710 (177 SE2d 257) (1976); *Bass v. State Farm Mut. Auto. Ins. Co.,* 128 Ga. App. 285 (196 SE2d 485) (1973). Under this stacked coverage he could recover to the full extent of his damages and not just to the $10,000 minimum coverage guaranteed by law. *State Farm Mut. Auto. Ins. Co. v. Murphy,* supra; *Travelers Indem. Co. v. Williams,* 119 Ga. App. 414 (167 SE2d 174) (1969). If he is not an uninsured motorist, the injured driver cannot recover under his uninsured motorist insurance.

The appellee, Mrs. Mamie Ruth Austin, sued Pershing A. Wadsworth (the negligent driver) and the appellant, Cotton States Mutual Insurance Company (her uninsured motorist insurance carrier) to recover for personal injuries sustained in an automobile collision between Wadsworth and herself. Wadsworth owned the car he operated, and Mrs. Austin's husband owned the car she operated. Both drivers were insured against liability at $10,000 per person and $20,000 per accident.

The Austins owned three vehicles, all of which were insured by separate Cotton States policies. Mrs. Austin was an insured under each policy, and each policy provided uninsured motorist coverage in the amounts of $10,000 per person and $20,000 per accident.

Cotton States denied liability, relying on the defense that Wadsworth was not an uninsured motorist within the meaning of the applicable statute, Code Ann. § 56-407.1. Cotton States and Mrs. Austin filed a stipulation of facts and cross motions for summary judgment on Cotton States' uninsured motorist defense.

After hearing, the judge granted summary judgment for Mrs. Austin.

The main cause of action was tried by judge on April 12, 1977, and resulted in a judgment for Mrs. Austin against Wadsworth in the amount of $31,500. Cotton States then filed this appeal of the denial of its motion for summary judgment. Wadsworth is not a party to this appeal.

The issue of whether to allow "stacking" of uninsured motorist coverage in this situation where the tortfeasor was insured at the minimum limit is one of first impression in Georgia. There is a division in opinion among those jurisdictions which have considered the question. The following cases denied coverage: Smiley v. Estate of Toney, 100 Ill. App. 2d 271 (241 NE2d 116) (1968); Detrick v. Aetna Cas. & Sur. Co., 261 Ia. 1246 (158 NW2d 99) (1968); McMinn v. N. H. Ins. Co., 276 S2d 682 (Miss. 1973); Brake v. MFA Mut. Ins. Co., 525 SW2d 109 (Mo. App. 1975); Kemp v. Fidelity & Cas. Co. of N. Y., 512 SW2d 688 (Tex. 1974). Recovery was allowed in Porter v. Empire Fire & Marine Ins. Co., 106 Ariz. 274 (475 P2d 258) (1970); Kirkley v. State Farm Mut. Ins. Co., 17 Cal. App. 3d 1078 (95 Cal. Rptr. 427) (1971).

The facts of McMinn are most similar to those now before the court. The Mississippi court rejected plaintiff's argument that the tortfeasor was an uninsured motorist under the statute since his insurance coverage was inadequate to pay her damages. The Brake decision rested on slightly different facts; but the court, in dictum, extended its ruling to apply to the situation presented here. Brake emphasized the inequity inherent in permitting full recovery under uninsured motorist insurance when the tortfeasor was insured below minimum legal amount and, on the other hand, denying the insured any recovery of excess damages when the tortfeasor carried minimum insurance. The court, however, felt bound by the provisions of the applicable statute and denied coverage.

This court feels similarly bound by the provisions of our Uninsured Motorist Act, Code Ann. § 56-407.1. The statute requires that: "(a) No automobile liability policy or motor vehicle liability policy shall be issued or

delivered in this state to the owner of such vehicle, . . . unless it contains an indorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits . . . which shall, at the option of the insured, be no less than (i) $10,000 because of bodily injury to or death of one person in any one accident, . . . or (ii) not less than $25,000 because of bodily injury to or death of one person in any one accident. . ."

From the outset our courts have broadly construed the Uninsured Motorist Act to allow insureds to recover from their uninsured motorist carriers. *State Farm Mut. Auto. Ins. Co. v. Murphy,* supra; *Wages v. State Farm Mut. Auto. Ins. Co.,* 132 Ga. App. 79 (208 SE2d 1) (1974). In addition to those cases previously cited, see *State Farm Mut. Auto. Ins. Co. v. Harper,* 125 Ga. App. 696 (188 SE2d 813) (1972); *State Farm Mut. Auto. Ins. Co. v. Johnson,* 126 Ga. App. 45 (190 SE2d 113) (1972); *State Farm Mut. Auto. Ins. Co. v. Jones,* 133 Ga. App. 920 (213 SE2d 73) (1975); *Spence v. State Farm Mut. Auto. Ins. Co.,* 136 Ga. App. 436 (221 SE2d 643) (1975). Nevertheless, we feel Mrs. Austin must be denied any right to recover from Cotton States in this situation for the following reason.

The term uninsured motorist is precisely defined in our statute as one who uses a motor vehicle "as to which there is (1) no bodily injury liability insurance and property damage liability insurance or as to which there is bodily injury liability insurance . . . with limits less than the amounts specified in subsection (a) of this section, but it will be considered uninsured only for that amount between the limit carried and the limit required in subsection (a) of this section . . ." Code Ann. § 56-407.1 (b).

In granting summary judgment for Mrs. Austin, the court below was in essence, construing the word "uninsured" to mean "underinsured." The court cannot by construction "add to, take from, or vary the meaning of unambiguous words in the statute." *Brooks v. Brooks,* 185 Ga. 549, 554 (195 SE 869) (1938).

In reversing, we have not relied on either State Farm Mut. Auto. Ins. Co. v. White, 330 S2d 858 (Fla. App. 1976)

or Raggio v. Volkswagen Ins. Co. (327 S2d 505) (La. App. 1976), cases cited to the court by Mrs. Austin, because the relevant statutory provisions in those cases vary significantly from the provisions of our uninsured motorist statute. Also, we do not believe Mrs. Austin's reliance on our decision in *Spence v. State Farm Mut. Auto. Ins. Co.,* 136 Ga. App. 436, supra, was well-founded. *Spence* was concerned with excess insurance resulting from the exercise of a statutorily-given option for increased uninsured motorist insurance by the insured rather than excess insurance created by combining the minimum uninsured motorist insurance in separate policies.

We are compelled by the statutory definition of uninsured motorist to deny recovery in this case. The negligent driver here was underinsured as compared to Mrs. Austin rather than uninsured within the meaning of the statute.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

Argued July 12, 1977 — Decided September 8, 1977 — Rehearing denied September 26, 1977 — 

*I. J. Parkerson,* for appellant.
*Mundy & Gammage, E. Lamar Gammage, Jr., J. Calloway Holmes, Jr.,* for appellees.