Tia M. PRICE, by her guardian ad litem, Raymond L. Summey, Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant.

Civ. A. No. 77–2399.

United States District Court, D. South Carolina, Charleston Division.

March 2, 1978.

Samuel C. Craven, Charleston, S. C., for plaintiff.

Joseph R. Young, Charleston, S. C., for defendant.

## ORDER

BLATT, District Judge.

The above entitled action arises as a result of personal injuries suffered by the plaintiff while riding as a passenger in a vehicle operated by one of her parents, when the vehicle in which the plaintiff was riding was struck by an automobile owned by one Keppers, and operated by one Lonetto. At the time of the collision, the Price vehicle was covered by a policy of liability insurance, which included uninsured motorist coverage, issued by the defendant. There was no liability insurance maintained by the owner of the Keppers vehicle, but the driver of the Keppers vehicle, Lonetto, was insured by Travelers Insurance Company, and this company, acting on behalf of its insured, Lonetto, paid its policy limits to those injured in the aforesaid collision. The plaintiff alleges that the Keppers car was an uninsured motor vehicle within the meaning of Section 56–9–810(3)(a) of the 1976 Code of Laws of South Carolina. The defendant contends, on the other hand, that so long as there was insurance coverage for either the driver or the vehicle, that the vehicle was "insured", and since the facts here are not in dispute, the defendant has moved for summary judgment in this action.

■ The purpose of the uninsured motorist endorsement is not to provide coverage for the uninsured vehicle, its owner, or its operator, but the sole purpose of such coverage is to provide protection against the peril of injuries or death caused by an uninsured motorist to an insured motorist, his family, and the permissive users of his vehicle. *Ferguson v. State Farm Mutual Automobile Insurance Company,* 261 S.C. 96, 198 S.E.2d 522, 524. Based upon this principle, while the South Carolina Supreme Court has not yet faced the issue here presented, it is this court's opinion that the Keppers vehicle was not an uninsured vehicle within the meaning of the South Carolina statute, because there was, in this instance, insurance coverage available to provide protection to the insured motorist. The liability insurance coverage of the driver, Lonetto, provided protection for the occupants of the Price vehicle, and, as a result, the Keppers vehicle was, in this court's opinion, an insured vehicle within the meaning of the South Carolina law.

■ The South Carolina uninsured motorist law was modeled after the Virginia Act (*Laird v. Nationwide Insurance Company,* 243 S.C. 388, 134 S.E.2d 206, 208), and while the decision of the Virginia court on an identical issue is not binding upon this court, it is highly persuasive because it relates to an interpretation of a substantially identical Act. (*Parrott v. Barfield Used Parts,* 206 S.C. 381, 34 S.E.2d 802, 804). Under a similar factual situation as here involved, the Supreme Court of Appeals of Virginia in *U. S. Fidelity & Guaranty Company v. Byrum,* 206 Va. 815, 146 S.E.2d 246, held that an automobile driven by an insured driver, but without coverage provided by the owner of the automobile itself, was an insured, rather than an uninsured motor vehicle, within the meaning of the uninsured motorist law of Virginia, and the Court of Appeals of Georgia in *Travelers Indemnity Co. v. Liberty Loan Corp.,* 140 Ga.App. 458, 231 S.E.2d 399, under the same circumstances, reached a similar conclusion.

Two intermediate appellate courts in the state of Florida have reached contrary conclusions on this issue. In *Gordon v. Phoenix Insurance Company,* Fla.App., 242 So.2d 485, and *Milling v. State Farm Fire and Casualty Company,* Fla.App., 333 So.2d 511, the District Court of Appeal for the First

District of Florida reached the same opinions as the Virginia and Georgia courts in the cases cited above, while the District Court of Appeal for the Third District of Florida in *Allstate Insurance Company v. Chastain,* Fla.App., 251 So.2d 354, arrived at a contrary conclusion, holding, under similar circumstances, that the vehicle involved was an "uninsured" vehicle. Also, in a companion case to the present case, *Raymond A. Price, by his guardian ad litem, Raymond L. Summey v. Government Employees Insurance Company,* Civil Action No. 75–1692, the Honorable Charles E. Simons, Jr., United States District Judge for the District of South Carolina, held that the Keppers vehicle was not an uninsured vehicle. This court agrees with the opinion of Judge Simons and feels that the decision reached by the Virginia Supreme Court, and the decisions of the other courts reaching the same conclusion, follow the better rule, and, furthermore, that such view will be adopted by the South Carolina Supreme Court when that court faces this issue. Therefore, it is

ORDERED, that the defendant's motion for summary judgment be, and the same hereby is, granted.

AND IT IS SO ORDERED.