44189. TRAVELERS INDEMNITY COMPANY v. WILLIAMS et al.

ARGUED JANUARY 7, 1969—DECIDED FEBRUARY 24, 1969—
REHEARING DENIED MARCH 18, 1969—

*Bouhan, Williams & Levy, Walter C. Hartridge, II,* for appellant.

*Sanders, Hester & Holley, Otis F. Askin, Jack W. Tarver, Jr., F. C. Drexel,* for appellees.

QUILLIAN, Judge. The appellant contends that appellee Williams is not entitled to coverage under its insurance policy due to the fact that he received $10,000 from Allstate Insurance Company as an insured under the uninsured motorist policy issued to James W. Camp. The question then arises whether the appellee Williams, an insured under two separate uninsured motorist policies, may recover on both policies not to exceed his actual damages pursuant to the uninsured motorist statute.

The endorsement to the policy in question contains the following provisions: "7. Other insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

If the quoted provision were not in conflict with the Uninsured Motorist Act the appellant's position would be sound. However, Code § 56-407A as amended provides: "No automobile liability policy or motor vehicle liability policy shall be issued . . . unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits exclusive of interests and costs which shall be no less than ten thousand dollars because of bodily injury to or death of one person in any one accident." Ga. L. 1963, p. 588; 1964, p. 306 (*Code Ann.* § 56-407.1 (a)). As was stated in *State Farm Mut. Auto. Ins. Co. v. Barnard,* 115 Ga. App. 857, 858 (156 SE2d 148), exclusions in uninsured motorist endorsements cannot "circumvent the clear mandate of the Act by withholding the protection required."

In Bryant v. State Farm Mut. Auto. Ins. Co., 205 Va. 897 (140 SE2d 817), the plaintiff was attempting to recover under the terms of two separate uninsured motorists policies. In that case State Farm filed a plea asserting that there was no coverage afforded the plaintiff because its policy contained an

"other insurance" clause almost identical to the one in the case sub judice. In discussing the "other insurance" clause in connection with § 38.1-381 (b) of the Virginia Code, which contains language tantamount to that found in Ga. *Code* § 56-407A, the Virginia court stated: "Section 38.1-381 (b) . . . commands that no policy of bodily injury liability insurance shall be issued or delivered unless it undertakes to pay the insured 'all sums' he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle within the limits of the policy. That is plain language. It means that every policy shall so undertake. There is no limitation or qualification of this language anywhere in the statute, nothing at all to indicate that it does not mean what it says. But Part 4, Section 6, of the insurance policy issued by State Farm to Bryant, Jr., undertakes to limit and qualify the provision of the statute. It undertakes to pay the insured not 'all the sums which he shall be legally entitled to recover as damages,' as the statute commands, but only such sum as exceeds 'any other similar insurance available' to him; i.e., the amount by which the applicable limit of the policy 'exceeds the sum of the applicable limits of all such other insurance.' Clearly this provision places a limitation upon the requirement of the statute and conflicts with the plain terms of the statute. It is therefore illegal and of no effect." P. 901.

In construing the same type uninsured motorists statute and insurance policy the Supreme Court of Florida followed the identical course of reasoning in Sellers v. U. S. F. & G. Co. (Fla.), 185 S2d 689, 690, and held that an automobile liability insurance carrier providing coverage against injury by uninsured motorists in accordance with the applicable Florida statutes, after accepting a premium for such coverage, could not deny coverage on the ground that the insured has other similar insurance available to him.

The appellant insists that *Code* § 56-407A intends to provide a limit of $10,000 for any one person in a collision with an uninsured motorist. With this contention we cannot agree. The insured would be entitled to recover his actual loss that was within the limits of the multiple policies. While the statute does provide a minimum of $10,000 coverage under the uninsured

motorists endorsement, it does not limit an insured to recover only that amount when his loss for bodily injury exceeds that sum.

Travelers Ind. Co. v. Wells (4th Cir.) 316 F2d 770, relied on by the appellant, construing the Virginia uninsured motorists act has not been followed in that state. See Pulley v. Allstate Ins. Co., 242 FSupp. 330, citing Bryant v. State Farm &c. Ins. Co., 205 Va. 897, supra.

The trial court did not err in overruling the appellant's motion for a summary judgment and in sustaining the appellee's motion for summary judgment.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*