25916. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY v. MURPHY, Administrator, et al.

ARGUED JULY 13, 1970—DECIDED SEPTEMBER 10, 1970—
REHEARING DENIED SEPTEMBER 24, 1970.

*Powell, Goldstein, Frazer & Murphy, C. B. Rogers, John C.
Gray*, for appellant.

*Sanders, Mottola, Haugen, Wood & Goodson, Gus L. Wood,
Charles F. Johnson*, for appellees.

GRICE, Justice. The overriding question in this appeal is
whether an insured under the uninsured motorist provisions of
two separate automobile policies may recover on both policies.

This question arises from an action filed in the Superior Court
of Coweta County by State Farm Mutual Automobile Insurance
Company against Daniel L. Murphy, Michael L. Murphy, Molly
Murphy Wagner, J. R. Sumner as administrator of the estate
of Winton A. Barnes, Sr., and J. R. Sumner as administrator
of the estate of Hazel H. Barnes. The trial court, proceeding
by stipulation and without a jury, entered a judgment which
would allow the recovery, besides granting other relief.

The facts are those which follow. State Farm issued an
automobile insurance policy, hereinafter referred to as "the
first policy," to E. W. Millians, which was in effect on June 18,
1967, a copy thereof being a part of the record. On that date
Mrs. Louise W. Murphy, while a passenger in the Millians
automobile, was killed in an accident caused by the negligence
of Hazel H. Barnes and Winton A. Barnes in their operation
of an uninsured motor vehicle within the meaning of the statute
commonly known as the Uninsured Motorist Act (Ga. L. 1963,
p. 588, as amended; *Code Ann.* § 56-407.1).

State Farm's first policy provided insurance coverage to Mrs.
Murphy as a passenger in the Millians automobile for sums

which were legally recoverable against the owner or operator of the uninsured motor vehicle.

Mrs. Murphy died a widow and was survived by her children, Daniel L. Murphy, Michael L. Murphy and Molly Murphy Wagner. These children made a claim against State Farm under its uninsured motorist coverage on the Millians vehicle, by the first policy.

Thereafter, State Farm paid these children $5,000 and took from them an instrument which provided in material part that the payment was "in full settlement and final discharge of all claims under . . . [the first policy] because of bodily injuries known and unknown and which have resulted or may in the future develop, and property damage, sustained by . . . [Mrs. Murphy] by reason of an accident or occurrence arising out of the ownership or operation of an uninsured automobile by Winton A. Barnes. . ."

At the time Mrs. Murphy was involved in the accident while a passenger in the Millians automobile as aforesaid, State Farm also had in effect an automobile insurance policy which named her as an insured but described an automobile other than the one in which she was riding at the time she was killed. This is hereinafter referred to as "the second policy," and is also a part of the record.

After State Farm made the $5,000 settlement with Mrs. Murphy's children on the first policy, such children brought an action in the Superior Court of Thomas County against J. R. Sumner as administrator of the estate of Winton A. Barnes (the owner of the uninsured vehicle) and J. R. Sumner as administrator of the estate of Hazel H. Barnes (the operator of the uninsured vehicle) claiming damages for the wrongful death of Mrs. Murphy. This suit was served upon State Farm pursuant to the Uninsured Motorist Act, supra, and sought to recover from State Farm an additional sum under the second policy.

State Farm then filed in the Superior Court of Coweta County the instant complaint against Mrs. Murphy's children and the administrator of the owner and the operator of the uninsured vehicle, praying for the following relief: (1) a declaration that

State Farm is not liable to Mrs. Murphy's children for any additional sums, and (2) temporary and permanent relief against such children prosecuting the Thomas County action or any other action against State Farm seeking to recover additional sums from the owner and operator of the uninsured vehicle.

To this complaint Mrs. Murphy's children filed an answer and an amendment thereto which admitted the factual allegations of State Farm's complaint but denied that State Farm was entitled to the relief it sought. The amendment sought a reformation of State Farm's first and second policies so as to strike therefrom the "other insurance" provision, hereinafter set forth.

The case came on for hearing upon the foregoing undisputed facts.

The trial court entered judgment which denied the injunctive relief sought by State Farm against actions seeking additional sums, denied its prayer for a declaration that State Farm is not liable to Mrs. Murphy's children for any additional sums, and denied its request for a declaration that application of the Uninsured Motorist Act, supra, so as to permit recovery of such additional sums was unconstitutional. The judgment also declared that State Farm is liable to Mrs. Murphy's children under the second policy, and granted their prayer that the two policies be reformed by striking the "other insurance" provision in each.

The appeal is from this judgment.

At the outset of consideration of the broad question before us, we are mindful that the Uninsured Motorist Act, supra, resulted from public concern over increasingly frequent hardships imposed upon persons sustaining bodily and property damage caused by uninsured and financially irresponsible motorists, as shown by the reported cases on this subject.

Insofar as relevant here, our statute recites that "No automotive liability policy or motor vehicle liability policy shall be issued or deivered in this State to the owner of such vehicle, or shall be issued or delivered by an insurer licensed in this State, upon any motor vehicle then principally garaged or principally used in this State, unless it contains an endorsement

or provisions undertaking to pay the insured *all sums which he shall be legally entitled to recover as damages* from the owner or operator of an uninsured motor vehicle, within limits exclusive of interest and costs which shall be no less than $10,000, because of bodily injury to or death of one person in any one accident," except where such coverage has been rejected. (Emphasis supplied.)

It should be noted that each of the two policies involved in this case provides uninsured motorist coverage for bodily injury or death of one person in any one accident in an amount not to exceed $10,000.

Significantly, each of these policies also provides as follows:

*"Other insurance.* With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only *as excess insurance* over any other similar insurance available to such occupant, and this insurance shall then apply in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance. (Emphasis supplied.)

"Subject to the foregoing paragraph, if the insured has other similar insurance available to him against loss covered by this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance."

Whether Mrs. Murphy's children could recover upon the second policy after having entered a settlement agreement on the first one depends upon whether the above quoted "other insurance" provision, in each policy, is contrary to the portion of the Uninsured Motorist statute quoted above, and is therefore void.

We conclude that it is. The plain mandate of the statute is to provide payment for "all sums" which the insured is "legally entitled to recover as damages from the "uninsured mo-

torist." The statute is designed to protect the insured as to his actual loss, within the limits of the policy or policies of which he is the beneficiary. Since the "other insurance" policy provision seeks to limit the coverage to those sums which are *in excess of other insurance,* it is contrary to the statute and therefore of no effect, and was properly ordered stricken from the policies in question.

This construction of the statute does not render it unconstitutional, as contended by State Farm.

Under this construction, there is no danger of pyramiding multiple policies so as to recover beyond actual damage, a factor considered in some of the reported cases from other jurisdictions, as the insured would not be legally entitled to recover amounts beyond his actual damages no matter how many policies he was the beneficiary of.

Nor can we agree that Mrs. Murphy's children cannot recover $10,000 on the second policy after having received $5,000 on the first policy, for a total of $15,000, because the purpose of the Uninsured Motorist statute is to place the insured in the same position as if the tortfeasor had the $10,000 minimum coverage. The statute does not place any limitation but, as stated above, plainly provides for payment of all sums the insured is legally entitled to recover.

Although there is some conflict among the various jurisdictions, those we consider the better reasoned decisions have reached this same conclusion under comparable statutory and policy provisions. See Bryant v. State Farm Mut. Auto. Ins. Co., 205 Va. 897 (140 SE2d 817); Sellers v. United States Fidelity &c. Co. (Fla. 1965), 185 S2d 689. Also, see generally, 7 Appleman, Insurance Law & Practice, § 4331 (pocket part, pp. 183-190).

The result which we reach also accords with that of the Court of Appeals in *Travelers Indemnity Co. v. Williams,* 119 Ga. App. 414 (167 SE2d 174) (certiorari denied). There, the same statutory provision was involved and, as here, the policy provisions limited uninsured motorist coverage to "excess insurance." The Court of Appeals held that the policy provision was contrary to the mandate of the statute and that the insured

,was entitled to recover his actual loss, within the limits of the multiple policies.

In the trial of the instant case both sides and the trial court regarded the *Travelers* holding as decisive. Appellants urge that such holding is wrong and that we disapprove it. However, for the reasons stated above, we view that decision as sound, and therefore approve it.

We find no error in the judgment of the trial court.

*Judgment affirmed. All the Justices concur.*