46158. DOERPINGHAUS et al. v. ALLSTATE
INSURANCE COMPANY et al.

BELL, Chief Judge. This is an action for declaratory relief by plaintiff, Allstate, against the defendant, who is the widow and executrix of the estate of her deceased husband. The case was tried by the court upon stipulated facts which resulted in judgment for the plaintiff which has been appealed. The issue is whether the policy of automobile insurance should be interpreted to provide $10,000 or $20,000 coverage for bodily injury to one person caused by an uninsured motorist. The defendant's deceased husband died as a result of injuries sustained in an automobile collision which involved one of the insured automobiles and another automobile driven by an uninsured motorist. The amendatory endorsement providing uninsured motorist

coverage lists a schedule wherein the limits of liability are expressed "$10,000 each person; $20,000 each accident." A clause limiting liability in the endorsement provides: "(a) The limit of bodily injury liability stated in the schedule as applicable to "each person" is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of such liability stated in the schedule as applicable to "each accident" is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident." The plaintiff's insurance company also issued two separate "insurance extension certificates," one for each vehicle, upon renewal of the policy. Each certificate lists a separate premium for the uninsured motorist coverage as well as all other coverages as to each automobile. The certificates contain this language: "This insurance extension certificate extends your policy for the period shown above upon payment of the premium indicated. The coverages included under this certificate are only those indicated by entry in the premium columns and such coverages are subject to the provisions of your policy in all endorsements thereto."

Succinctly, it is the position of the defendant that by the issuance of the two "insurance extension certificates" and the charging of two separate premiums the limit of coverage is $20,000 per person, not $10,000 as found by the trial court. This contention has no merit. The "insurance extension certificates" both state that "your policy" is extended and that the coverages are subject to all the provisions of "your policy." The extension certificates and the stipulation of fact reveal that there is only *one* policy involved insuring two automobiles. The schedule listing the limits of liability in the uninsured motorist endorsement and the above quoted limits of liability clause clearly and unambiguously limit the liability for bodily injury to $10,000 per person for one accident. If the terms of an insurance contract are unambiguous we must construe its provisions to mean

what it says. *State Farm Mut. Auto Ins. Co. v. Sewell,* 223 Ga. 31 (153 SE2d 432); *American Motorists Ins. Co. v. Vermont,* 115 Ga. App. 663, 664 (155 SE2d 675); *Cherokee Life Ins. Co. v. Baker,* 119 Ga. App. 579, 582 (168 SE2d 171). It is further argued that the only consideration or additional protection the deceased insured could possibly have received for the second premium is the addition of a second $10,000 coverage. This is not persuasive as the insured does receive additional coverage as the second vehicle becomes an insured vehicle and receives complete uninsured motorist coverage not only for himself but for any other occupying the second car, who are included in the definition of an insured contained in the policy endorsement on this type of coverage.

   *Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED MAY 3, 1971—DECIDED SEPTEMBER 7, 1971— REHEARING DENIED OCTOBER 20, 1971—

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Randall L. Hughes,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Arnold Wright, Jr.,* for appellees.