## 53516. BARNES v. GOVERNMENT EMPLOYEES INSURANCE COMPANY.

McMURRAY, Judge.

From August 25, 1973, to August 25, 1974, Sidney B. Barnes had a family automobile policy of insurance with Government Employees Insurance Company, commonly known as GEICO. Mr. Barnes had two automobiles, a 1970 Ford, shown on the policy as unit 1, and a 1973 Toyota, shown on the policy as unit 2. As a part of the coverage carried on the automobiles he was insured for damages arising from an uninsured motorist, $10,000

each person; $20,000 each accident, as to each unit.

On March 1, 1974, Barnes, while driving the 1973 Toyota, was involved in an automobile collision with an uninsured motorist, one Cecil E. Parker. He eventually sued Parker, making GEICO aware of the fact that he was an uninsured motorist, and obtained a judgment against Parker in the amount of $25,000. He demanded payment from GEICO, contending he was entitled to $21,400 by reason of the fact that he was entitled to collect $10,000 on each of the uninsured motorist provisions of said policy as to each motor vehicle insured, including $1,400 property damage. The demand letter further stated he would seek 25% for bad faith and reasonable attorney fees in the event GEICO refused to pay said amount.

GEICO refused to pay, contending that it had received a request from the insured in a letter dated February 25, 1974, requesting cancellation of insurance coverage on the 1970 Ford, leaving only coverage for the Toyota; that an endorsement was issued effective February 27, 1974, deleting coverage for the 1970 Ford, and that there was only one automobile belonging to the appellant covered by the insurance policy issued by GEICO.

Plaintiff sued GEICO, setting out the averments shown above in reference to the uninsured motorist and the resulting verdict in his favor of $25,000 and contending that he was entitled to $21,400, that is $1,400 by reason of the property damage and $20,000 uninsured motorist coverage, "stacking" each $10,000 coverage as to the two automobiles it had insured with the defendant. Plaintiff also sought 25% penalties and attorney fees. Defendant answered, denying the complaint, pleading an accord and satisfaction in the amount of $1,012 as to the automobile loss and coverage of only $10,000 for bodily injuries under the policy. Defendant deposited $11,150 in the registry of the court as the maximum amount for which it could be liable in the action. Thereafter, an order was issued allowing the plaintiff to withdraw the deposit "without prejudice to the pending remaining claim of the plaintiff."

Plaintiff moved for judgment on the pleadings and the defendant moved for summary judgment, contending

the plaintiff is only entitled to recover $10,000 for his bodily injuries and no penalty or attorney fees, but that the matter of the property damage is still in dispute, defendant contending there had been an accord and satisfaction in the amount of $1,012, whereas the plaintiff was seeking $1,400. The matter was heard, and based on the pleadings, affidavits, counter-affidavits and exhibits of record, the court denied plaintiff's motion for judgment on the pleadings and granted defendant's motion for summary judgment. This order further stated that the sum of $11,150 deposited in the registry of the court by the defendant having been distributed to the plaintiff, this judgment disposed of all of the claims of the plaintiff against the defendant, including claims for penalties and attorney fees. Plaintiff appeals. *Held:*

1. The issue of whether or not both automobiles were insured at the time of the collision is in dispute, but if the policy does not allow the pyramiding or "stacking" of the liability coverage as to uninsured motorists, then we do not reach that question for if the court is right for any reason it will be affirmed. We thus must examine the policy for a decision as to the amount of uninsured motorist coverage available to the insured. We look to the policy and find the following: The policy is one single policy insuring in the declaration two automobiles as being unit 1 and unit 2 with exact coverage as to each. As to single policy coverage of automobiles, generally there can be no pyramiding of the uninsured motorist provisions. *Doerpinghaus v. Allstate Ins. Co.,* 124 Ga. App. 627 (185 SE2d 615). As to multiple policies under such cases as *Travelers Indem. Co. v. Williams,* 119 Ga. App. 414, 416 (167 SE2d 174), and *State Farm Mut. Auto. Ins. Co. v. Murphy,* 226 Ga. 710 (177 SE2d 257), an insured may recover on both policies under the uninsured motorist provisions, thus pyramiding or "stacking" the coverage.

The uninsured motorist coverage in the policy here is an amendment thereto showing the limits of liability to be "$10,000 each person; $20,000 each accident." However, in the main body of the policy under special conditions the policy reads that "[w]hen two or more automobiles are insured hereunder the terms of this policy shall apply

separately to each . . ." Thus, it might be said that we have in effect two separate policies of insurance in the event this separability clause applies to the amendment, although the main body of the policy contains three parts and the separability clause states clearly that it applies to all parts. The amendment providing protection against uninsured motorists does not state what part of the policy is amended. Hence, it can be said that the separability clause would apply to the amendment or at least it is ambiguous as to whether or not it applies. See in this connection Jeffries v. Stewart, 309 NE2d 448, 449, where pyramiding or stacking was allowed in the State of Indiana.

But in examining the amendment, the limits of liability thereto reads as follows: "Regardless of the number of insured automobiles stated in the declarations of the policy to which this amendment applies, the limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, . . . sustained by one person as the result of any one accident . . ." Thus, it is clear that even though this policy might be construed as being two separate and distinct policies, yet the limit of liability for uninsured motorist coverage for one person would be the sum of $10,000 even though there be two or more automobiles insured thereunder so as to create separate coverage for each automobile insured. In the case of Jeffries v. Stewart, 309 NE2d 448, supra, p. 453, it was stated that decisions from other jurisdictions suggesting ways in which the ambiguity as to 'stacking' could have possibly been alleviated was an express restriction as to the limit of liability to the amount stated in the declaration regardless of the number of cars covered, citing Hilton v. Citizens Ins. Co. of N. J., 201 S2d 904. Examination of that case shows it to be one policy covering two or more automobiles, but it cannot be ascertained as to whether or not it contained a separability clause such as in the case sub judice. However, we hold the language of the policy here involved to be clear and unambiguous in limiting uninsured motorist coverage liability regardless of the number of insured automobiles stated therein to $10,000 as to each

person. Plaintiff has withdrawn the sum of $10,000; hence the court did not err in disposing of this claim of the plaintiff.

2. The plaintiff sought judgment also for property damage as to the loss of his automobile in the amount of $1,400. He has withdrawn without prejudice $11,150 from the registry of the court. He was definitely entitled to $10,000. The contract of insurance contained a $250 deductible clause. Subtracting this amount from $1,400 leaves the sum of $1,150, which the court awarded. Defendant does not contest this amount, although it originally contended plaintiff was only entitled to $1,012. Accordingly, the court did not err in disposing of the entire claim for $11,150, which was withdrawn from the registry of the court by the plaintiff.

*Judgment affirmed. Bell, C.J., and Smith, J., concur.*

ARGUED FEBRUARY 28, 1977 — DECIDED APRIL 6, 1977 — REHEARING DENIED MAY 25, 1977.

*Joseph B. Bergen, Cletus W. Bergen, Guerry R. Thornton, Jr.,* for appellant.

*Adams, Adams, Brennan & Gardner, Richard A. Rominger, Kathleen Horne,* for appellee.