## 61055. LEADER NATIONAL INSURANCE COMPANY v. BERRY.

SOGNIER, Judge.

Appellee's minor son was injured when an automobile in which he was a passenger crashed into a tree. Through appellee as next friend, the son filed suit against the driver and owner of the

automobile involved in the collision. Appellee, at the time of the accident, was insured by Leader National Insurance Company under a policy of insurance insuring three vehicles. This policy included an endorsement affording uninsured motorist coverage.

Appellee filed this action for declaratory judgment and asked the court to construe the policy to find that there were three separate policies, which would permit "stacking" of benefits under the uninsured coverage provisions of the policy. Leader contends that the policy was a single one, affording only *one* benefit under the policy declarations, that is, $10,000 uninsured motorist coverage for each person for bodily injury. Appellee's construction would permit $30,000 recovery. The trial court interpreted the policy to permit "stacking" and Leader appeals. The "stacking" question is the sole issue on appeal.

In *Barnes v. Government Employees Ins. Co.,* 142 Ga. App. 377, 379 (236 SE2d 9) (1977), this court noted: "As to single policy coverage of automobiles, generally there can be no pyramiding of the uninsured motorist provisions. *Doerpinghaus v. Allstate Ins. Co.,* 124 Ga. App. 627 (185 SE2d 615). As to multiple policies under such cases as *Travelers Indem. Co. v. Williams,* 119 Ga. App. 414, 416 (167 SE2d 174), and *State Farm Mut. Auto. Ins. Co. v. Murphy,* 226 Ga. 710 (177 SE2d 257), an insured may recover on both policies under the uninsured motorist provisions, thus pyramiding or 'stacking' the coverage."

In *Barnes,* this court was presented with the question as to whether or not a separability provision required the single policy to be construed as two separate policies. The separability clause in *Barnes* is similar to that in the instant case, and provides: " '(w)hen two or more automobiles are insured hereunder the terms of this policy shall apply separately to each . . .' " *Barnes,* supra at 379. However, this court in *Barnes* held that it was not necessary to decide the applicability of the separability clause because even if that clause was applicable, other provisions of the policy would not permit stacking. The amendment affording uninsured motorist coverage provided: " 'Regardless of the number of insured automobiles stated in the declarations of the policy to which this amendment applies, the limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages . . . sustained by one person as the result of any one accident . . .' " *Barnes,* supra at 380. In the case sub judice, the uninsured motorist endorsement contains a similar provision, but with one important difference. The endorsement provides:

"III. Limits of Liability

"Regardless of the number of *insureds* under this insurance, the

company's liability is limited as follows:

"(a) The limit of bodily injury liability stated in the schedule as applicable to 'each person' is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one accident . . ." (Emphasis supplied.)

The pertinent difference is the underlined word "insureds." In *Barnes*, the word used was "automobile." The trial court found the clause ambiguous and accordingly, resolved the ambiguity against the insurer. Hence, the trial court held the separability clause applicable and treated the policy covering the three automobiles as three separate policies, thus permitting "stacking." The separability clause in appellee's policy is contained in the *insuring agreement* of the main policy. However, the uninsured motorist endorsement provides:

"VI. Additional Conditions

"1. Policy Provisions.

"None of the *Insuring Agreements,* Exclusions, Conditions or other provisions of the policy shall apply to the insurance afforded by this endorsement except the Conditions 'Policy Period, Territory', 'Notice', 'Changes', 'Assignment', 'Cancellation' and 'Declarations'." (Emphasis supplied.)

The separability clause is not contained in any of the named exceptions. Thus, this provision *excludes* the application of the separability clause in the insuring agreement from application to the uninsured motorist endorsement. Without the application of the separability clause, there is no authorization for the creation of separate policies. The limitation of liability quoted above thus restricts recovery to the limit of $10,000 per person. We reverse the grant of summary judgment to appellee and grant appellant's motion for summary judgment.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 23, 1981.

*J. Thomas Whelchel, Terry L. Readdick,* for appellant.
*James Perry Fields,* for appellee.