## 64456. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. HANCOCK.

BIRDSONG, Judge.

The sole issue raised by this appeal is whether the 1980 amendment to Code Ann. § 56-407.1 (b) (Ga. L. 1980, p. 1428 et seq.) now allows an insured to "stack" his multiple policies of uninsured motorist coverage where the tortfeasor is minimally insured. We agree with the trial judge that it does, and affirm.

Prior to the 1980 amendment this court considered the same question in *Cotton States Mut. Ins. Co. v. Austin,* 143 Ga. App. 309 (238 SE2d 253). We there examined the applicable case law and noted that "[f]rom the outset our courts have broadly construed the Uninsured Motorist Act to allow insureds to recover from their uninsured motorist carriers," but because of the precisely defined language of the statute then in effect, the word "uninsured" as used therein would not be interpreted to mean "underinsured." *Cotton States,* supra, p. 311. Prior to 1980 the term "uninsured motorist" was defined by the Act as one who uses a motor vehicle with "no bodily injury liability insurance and property damages liability insurance or as to which there is bodily injury liability insurance . . . with limits less than the amounts specified [herein], but it will be considered uninsured only for that amount between the limit carried and the limit required. . . ." Code Ann. § 56-407.1 (b) (Ga. L. 1963, p. 588; as amended through Ga. L. 1976, pp. 1195, 1196).

An insured has long been allowed to stack his multiple policies of

uninsured motorist coverage where the tortfeasor was uninsured "to recover his actual loss that was within the limits of the multiple policies." *Travelers Indemnity Co. v. Williams,* 119 Ga. App. 414, 417 (167 SE2d 174). See also *Leader Nat. Ins. Co. v. Berry,* 157 Ga. App. 627 (278 SE2d 170). Moreover, the courts further prohibited all attempts in insurance policies to prevent stacking. See *Georgia Cas. &c. Co. v. Waters,* 146 Ga. App. 149, 153 (246 SE2d 202) and cases cited. Thus, while a motorist insured over the minimum coverage could obtain full redress to the maximum of his policies when the tortfeasor was uninsured, he was denied any recovery of excess damages through his own coverage when the tortfeasor was only minimally insured. This created the anomalous situation whereby a prudent motorist with maximum insurance coverage was actually penalized if injured by a tortfeasor who was in compliance with the minimum no fault coverage requirements. However, as pointed out by Professor Pock in the annual review of cases in the Mercer Law Review, "[s]ince the court could do little else in view of the precision of the statutory language, a more equitable solution will have to await legislative intervention." Pock, Insurance, 31 Mer. L. Rev. 117, 134 (Fall, 1979). That, we conclude, is exactly what happened.

The stated primary purpose of the 1980 amendment to the Act was "to change the definition of 'uninsured motor vehicle' "; otherwise, it was intended only "to provide for editorial revision." Ga. L. 1980, p. 1428. The amended definition provides that in addition to carrying no liability insurance, an " 'uninsured motor vehicle' means a motor vehicle [of tortfeasor] . . . as to which there is . . . [b]odily injury liability insurance and property damage liability insurance with limits of coverage *which are less than the limits of the uninsured motorist coverage provided under the insured's* [injured party's] *insurance policy. . . .*" Code Ann. § 56-407.1 (b) (1) (D) (ii) (Ga. L. 1980, pp. 1428, 1429) (Emphasis supplied.) Recovery is limited to the amount of the difference between the limits of the coverage on the tortfeasor's automobile and that of "the insured's motor vehicle policy."

The appellant insurance company's argument, that the amendment's use of the singular "policy" precludes the stacking of multiple policies, does not survive the elementary rules of statutory construction. "In all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy. . . ." Code Ann. § 102-102 (9). The Act recites that no automobile liability policy shall be issued "unless it contains an endorsement or provisions undertaking to pay the insured all sums to which he is legally entitled to recover." Code Ann. § 56-407.1 (a) (1). The Supreme Court elucidated this to mean

that "[t]he statute is designed to protect the insured as to his actual loss, within the limits of the *policy or policies* of which he is the beneficiary." (Emphasis supplied.) *State Farm Mut. Auto. Ins. Co. v. Murphy,* 226 Ga. 710, 714 (177 SE2d 257) (Emphasis supplied.) This accords with the equally venerable rule of construction that "[t]he singular or plural number shall ... include the other, unless expressly excluded." Code Ann. § 102-102 (4).

Logic and a responsible reading of the 1980 amendment convince us that the purpose of the General Assembly was to remedy the evil effect of a situation where an insured's rights under his multiple policies were contingent upon the amount of insurance carried by the tortfeasor. "[I]n the light of the old law, the evil to be corrected, and the end to be attained by the remedy, the manifest legislative intent and purpose would be defeated by a too literal construction of words. [Cit.]" *State Revenue Comm. v. Alexander,* 54 Ga. App. 295, 297 (1) (187 SE 707). To conclude, as appellant would have us do, that the legislature intended to "change the definition of 'uninsured motorist vehicle'" only as an editorial revision incorporating former case law, or to limit an insured's recovery from an underinsured tortfeasor to a single policy, belies these basic rules of construction, logic and reason. We decline to do so and hold, accordingly, that the trial court as a matter of law correctly granted summary judgment in favor of the insured.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 23, 1982 —
REHEARING DENIED OCTOBER 19, 1982 — 

*Edward M. Hughes, Thomas W. Tucker, Luhr G. C. Beckmann, Jr., A. Montague Miller,* for appellant.
*James B. Wall, Thomas R. Burnside, Jr.,* for appellee.