## 71308. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. OWENS et al.
### (343 SE2d 699)

DEEN, Presiding Judge.

On December 12, 1982, James Owens was involved in a head-on collision with another vehicle. Owens and his two passengers, Lana and Leah Meadows, were killed. Several lawsuits were filed against the two owners of the vehicles, with the claims far exceeding the liability coverage provided by Owens' insurance. The appellant, Georgia Farm Bureau Mutual Insurance Company, as Owens' insurer, filed an interpleader action, naming the administrator of Owens' estate, the owner of the other vehicle, and the parents of Lana and Leah Meadows, and paid into court the full amount of Owens' policy.

At the time of the accident, Wendell Meadows, father of Lana and Leah, had a "fleet" insurance policy also with the appellant, covering nine vehicles and providing uninsured motorist coverage with a limit of $10,000 for personal injury. Meadows and his wife filed a counterclaim to the appellant's interpleader action, essentially seeking to recover $90,000 for each daughter's death, by stacking the uninsured motorist coverage with respect to each vehicle under this fleet policy. Following a hearing on the Meadows' subsequent motion for declaratory judgment on this issue, the trial court allowed the stacking. This interlocutory appeal resulted: Held:

An insured may stack multiple policies of uninsured motorist coverage where the tortfeasor was uninsured or under-insured to recover an actual loss, within the aggregate limits of the multiple policies. State Farm Mut. Auto. Ins. Co. v. Hancock, 164 Ga. App. 32 (295 SE2d 359) (1982); Travelers Indem. Co. v. Williams, 119 Ga. App. 414 (167 SE2d 174) (1969). However, where there is but one policy insuring multiple vehicles, as a general rule no such stacking or pyramiding is permitted. Hartford Cas. Ins. Co. v. O'Callaghan, 176 Ga. App. 135 (335 SE2d 407) (1985); Leader Nat. Ins. Co. v. Berry, 157 Ga. App. 627 (278 SE2d 170) (1981); Barnes v. Government Employees Ins. Co., 142 Ga. App. 377 (236 SE2d 9) (1977). In the instant case, the fleet policy issued to Meadows by the appellant contained a limitation of liability similar to the one in Leader Nat. Ins. Co. v. Berry, supra, based upon which this court found the insurer entitled to summary judgment on the issue of stacking benefits.

The trial court below acknowledged the general rule against stacking of uninsured motorist coverage where a single policy was involved, but allowed otherwise, based upon Meadows' claim that he never received a copy of the policy which contained the limitation of liability. It was undisputed, however, that the fleet policy was issued to Meadows in January 1973, almost 10 years before the fatal accident, and that Meadows renewed the policy every year. Each renewal policy declaration indicated the actual policy number and that the declaration should be attached to the policy. Under these circumstances, Meadows had notice of the existence of the actual policy, and his non-receipt or non-possession of the policy cannot serve to excuse him from its operative terms. See *Security Life Ins. &c. Co. v. Gober*, 50 Ga. 404, 412 (1873); cf. *Investor's Nat. Life Ins. Co. v. Norsworthy*, 160 Ga. App. 340 (287 SE2d 66) (1981). Accordingly, the trial court erred in finding that Meadows could pyramid the uninsured motorist coverage provided in the single fleet policy of insurance.

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 7, 1986 —
REHEARING DENIED MARCH 28, 1986 —

*Denmark Groover, Jr., Craig M. Childs*, for appellant.
*Wilton D. Harrington*, for appellees.