A89A1022. COLEMAN et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
(384 SE2d 399)

BANKE, Presiding Judge.

Appellant Franklin Delano Coleman was involved in a collision while driving his Nissan pickup truck, accompanied by his son, appellant John A. Coleman. Both were severely injured; and the driver of the other vehicle, Rex Phillips, was killed. The appellants received $25,000 apiece from Phillips' liability insurer and executed a covenant in favor of the administrator of his estate agreeing not to enforce

against the estate any judgment obtained in subsequent litigation arising from the accident. The appellants then filed the present action against Phillips' administrator, serving, as uninsured/underinsured motorist carriers, the three appellees herein, to wit: State Farm Mutual Automobile Insurance Company, the Travelers Insurance Company, and Southern General Insurance Company.

State Farm had issued a policy of motor vehicle accident insurance to Franklin Coleman covering his Nissan pickup truck; Southern General had issued to him a policy of motor vehicle accident insurance covering another vehicle; and Travelers had issued a policy of motor vehicle accident insurance to John Coleman covering the three separate vehicles owned by him. In response to cross-motions for summary judgment filed by the parties, the trial court ruled that the uninsured/underinsured motorist coverage provided by the Travelers policy could not be "stacked" and that such coverage did not, in any event, extend to Franklin Coleman. The appellants challenge these rulings in this appeal. In addition, they contend that the trial court erred in granting summary judgment to Southern General with respect to John Coleman's claim for uninsured/underinsured motorist benefits under its policy because Southern General failed to file a timely motion for such relief. They further contend that the court erred in considering a brief submitted by Southern General in opposition to their motion for summary judgment where the brief was not submitted in accordance with the time requirements imposed by Rule 6.2 of the Uniform State Court Rules. *Held*:

1. The trial court did not err in concluding that the multiple vehicle coverage available to John Coleman under the Travelers policy could not be stacked. "[W]here there is but one policy insuring multiple vehicles, as a general rule, no such stacking or pyramiding is permitted." *Georgia Farm Bureau Mut. Ins. Co. v. Owens*, 178 Ga. App. 446 (343 SE2d 699) (1986). While an exception may arise where the policy contains a "separability clause," specifying that its terms shall apply separately to each insured vehicle, *Barnes v. Govt. Employees Ins. Co.*, 142 Ga. App. 377, 379-380 (236 SE2d 9) (1977), the existence of such a clause will not be sufficient to create an ambiguity where the policy further specifies that, regardless of the number of vehicles insured, the limits of coverage set forth in the policy declarations as being applicable to "each person" shall constitute the limit of the company's liability for bodily injuries sustained by any one insured person as the result of any one accident. Id. at 380. Because the uninsured motorist endorsement appearing in the Travelers' policy contains precisely such language, the trial court correctly concluded that the stacking of this coverage was not permitted. We reject the appellant's contention that this unambiguous policy language was negated or rendered ambiguous by an amendatory endorsement dealing with

the company's liability in the case of multiple *policies* issued by Travelers or its member companies.

2. The trial court was also correct in its conclusion that Franklin Coleman was not covered as a "relative" of John Coleman under the uninsured motorist provisions of the Travelers policy. Consistent with the requirements of OCGA § 33-7-11 (b) (1) (B), the term "relative" was defined in the policy to mean "your [i.e., the named insured's] relative residing in your household." It is. apparent without dispute that Franklin and John Coleman were not residents of the same household. Thus, Franklin could not be considered an insured under the terms of the Travelers policy unless the policy definition of "relative" were disregarded. The appellants contend that we should do precisely that because the definition was "hidden" inside a folded page located at the end of the policy. We find this contention to be. entirely without merit.

The first paragraph of the policy is entitled "DEFINITIONS" and specifies: "Certain words, when printed in *italics*, have special meaning when used in this policy. The definitions are located on the flap at the end of the policy." The word "relative," as used in the uninsured motorist coverage endorsement, was italicized. It is apparent that the reason the definitions of such words were placed on a folded page at the end of the policy was to enable the reader to leave that page open and unfolded so as to be able to refer to it conveniently while reading the other pages, without having to flip back and forth to the definitions. Viewed in this context, the definition of "relative" was neither obscured nor hidden but, if anything, was highlighted. We also reject the appellants' additional contention that the uninsured motorist endorsement was ultimately amended in such a way as to alter the definition of "relative" as it appeared on the folded definitions page.

3. The appellants' contention that Southern General failed to file a timely motion for summary judgment is not borne out by the record, which reflects that Southern General filed a motion for summary judgment on October 4, 1988, that the appellants filed a response on October 20, 1988, and that the trial court granted the motion on November 11, 1988.

The appellants' contention that the trial court should not have considered Southern General's brief filed in opposition to their motion for summary judgment because it was not filed within the 30-day time limitation set forth in Rule 6.2 of the Uniform State Court Rules is also without merit. "There is no such thing as a 'default summary judgment.' By failing to respond to a motion for summary judgment, a party merely waives his right to present evidence in opposition to the motion. It does not automatically follow that the motion should be granted. 'A motion for summary judgment should not be granted

unless it affirmatively appears from the pleadings and evidence that the party so moving is entitled to prevail.' [Cits.]" *McGivern v. First Capital Income Prop.*, 188 Ga. App. 716, 717 (373 SE2d 817) (1988).

The appellants' claim against Southern General, like their claims against the other appellees, involves no factual dispute but simply a dispute over the construction of a written contract. See generally OCGA § 13-2-1; *Travelers Ins. Co. v. Blakey*, 255 Ga. 699 (342 SE2d 308) (1986). The correctness of the trial court's ruling on this dispute is not affected by whether it did or did not consider Southern General's brief in response to the appellants' motion for summary judgment.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 21, 1989 —
REHEARING DENIED JULY 13, 1989 —

*Didio & Broome, Steve A. Didio*, for appellants.
*Downey, Cleveland, Parker & Williams, Joseph C. Parker, Y. Kevin Williams*, for appellees.