ALMON, Justice.
Jamie D. Garnett, a resident of Georgia, was injured in an automobile accident in Mobile, Alabama, while riding in an automobile that he and his wife had rented in Georgia. The accident occurred when another automobile struck the Garnetts’ automobile from behind. The other driver had $25,000 liability insurance coverage, and Garnett settled his claim against her for that amount. The rental car was covered under a policy providing $20,000 uninsured motorist coverage, and the rental insurer paid that amount to Garnett. Garnett has an insurance policy with Allstate Insurance Company on three automobiles in Georgia. That policy provides $15,000 uninsured motorist coverage for bodily injury, and Gar-nett filed this action against Allstate, claiming $45,000 in “stacked” underinsured motorist coverage. Allstate moved for summary judgment, arguing that Garnett had already received from the rental car insurer more uninsured motorist coverage than he was entitled to receive under Georgia law and that, thus, Allstate did not owe any benefits under its uninsured motorist coverage. The trial court entered summary judgment for Allstate.
Allstate’s liability under its contract is governed by Georgia law. Best v. Auto-Owners Ins. Co., 540 So.2d 1381 (Ala.1989); Davis v. Hartford Ins. Co. of Illinois, Inc., 456 So.2d 302 (Ala.1984); American Interstate Ins. Co. of Georgia v. Holliday, 376 So.2d 701 (Ala.1979).
The definitions in the Georgia Code of “uninsured motor vehicle” include one that effectively defines an “underinsured motor vehicle” as that term is used in this state. That definition, however, provides a method for calculating the available amount of coverage that achieves a result different from what would be available in this state. It provides that an “uninsured motor vehicle” is a motor vehicle as to which there is
“Bodily injury liability insurance and property damage liability insurance with limits of coverage which are less than the limits of the uninsured motorist coverage provided under the insured’s insurance policy, but the motor vehicle shall only be considered to be uninsured for the amount of the difference between the limits of the bodily injury liability insurance and property damage liability insurance coverages on such motor vehicle and the limits of the uninsured motorist coverage provided under the insured’s motor vehicle insurance policy.”
Georgia Code, § 33 — 7—ll(b)(l)(D)(ii).
The Georgia courts have held that an insured may not stack, or “pyramid,” uninsured motorist coverage for multiple vehicles under a single policy unless the policy expressly allows such stacking. Georgia Farm Bureau Mut. Ins. Co. v. Owens, 178 Ga.App. 446, 343 S.E.2d 699 (1986); Hartford Cas. Ins. Co. v. O’Callaghan, 176 Ga.App. 135, 335 S.E.2d 407 (1985); Leader Nat. Ins. Co. v. Berry, 157 Ga.App. 627, 278 S.E.2d 170 (1981); Barnes v. Government Employees Ins. Co., 142 Ga. *1267 App. 377, 236 S.E.2d 9 (1977). Garnett’s Allstate policy expressly prohibits such stacking.
Georgia law does allow an insured to stack coverages under multiple policies of uninsured motorist coverage. State Farm Mut. Auto. Ins. Co. v. Murphy, 226 Ga. 710, 177 S.E.2d 257 (1970); Georgia Farm Bureau v. Owens, supra; State Farm Mut. Auto. Ins. Co. v. Hancock, 164 Ga.App. 32, 295 S.E.2d 359 (1982); Travelers Indem. Co. v. Williams, 119 Ga.App. 414, 167 S.E.2d 174 (1969). The available coverage is calculated by subtracting the amount of the tort-feasor’s liability insurance from the total amount of uninsured motor vehicle coverage after such stacking. Georgia Farm Bureau Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co., 255 Ga. 166, 336 S.E.2d 237 (1985); Cherokee Ins. Co. v. Lewis, 187 Ga.App. 628, 371 S.E.2d 103 (1988), rev’d on other grounds, 258 Ga. 839, 375 S.E.2d 850 (1989); Lewis v. Atlanta Cas. Co., 179 Ga.App. 185, 345 S.E.2d 858 (1986).
In this case, the initial calculation of uninsured motor vehicle coverage available through stacking was $35,000: $20,000 from the rental car insurer and $15,000 from Allstate. From that $35,000, under the examples provided in Georgia Farm Bureau v. State Farm and in Cherokee Ins. Co., supra, we subtract the $25,000 liability coverage provided by the other driver’s insurer and find a total of $10,000 in uninsured motor vehicle benefits to which Garnett is entitled. Garnett has already received from the rental car insurer $20,000 in uninsured motor vehicle benefits, which is more than he was entitled to receive under Georgia law. Therefore, he is not entitled to receive any benefits from Allstate.
The only argument that Garnett makes in reply to Allstate’s citation of the above Georgia authorities is that “The Court can hold, as a matter of public policy, that Mr. Garnett is entitled to the full benefit of the three coverages under his policy of insurance,” or that the Court can give Allstate the benefit of only the tort-feasor’s liability coverage, not the rental car insurer’s coverage. He cites no authority for either of these propositions, however. Georgia law is clear on the point, and we see no overriding public policy interest that would compel us to decline to follow the clear law of Georgia. The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.