A93A0497. JAMES et al. v. ALLSTATE INSURANCE COMPANY.

(434 SE2d 526)

SMITH, Judge.

Mary, Holly, and Quinton James appeal the grant of partial summary judgment in favor of uninsured motorist ("UM") carrier Allstate Insurance Company as to claims based on various tort theories that Allstate overcharged them and other policyholders for their multi-vehicle UM coverage. We affirm.

Appellants' pleadings assert that Allstate is liable for unearned premiums and punitive damages under theories of money had and received, unjust enrichment, deceit, and/or fraud. The single automobile insurance policy insured the James's four vehicles. UM bodily injury protection was provided on a per vehicle basis, with an additional premium expressly charged for each vehicle so insured. The first vehicle had "15/30/10" UM bodily injury coverage at a rate of $25.30 per coverage period. The second and subsequent vehicles were each insured for additional premiums of $20.20 per coverage period. In addition, the policy expressly limited UM coverage to the amount provided for a single vehicle and expressly provided that insuring more than one person or vehicle would not increase the insurer's liability limits. The separate premiums charged for additional vehicles did not decrease dramatically from that charged for the first. Allstate responds that its premium structure reflects actuarial data showing a close relationship between UM losses and the number of vehicles insured under a policy, and that the rates charged merely reflect this relationship.

An insured may "stack" multiple policies of UM coverage to recover actual loss within the combined coverage limits of multiple policies. However, where, as here, there is but one policy insuring multiple vehicles, such stacking or pyramiding is generally not permitted. *Ga. Farm &c. Ins. Co. v. Owens*, 178 Ga. App. 446 (343 SE2d 699) (1986). The appellants argue that no consideration is received for the additional premiums inasmuch as the "stacking" of coverages is prohibited. As observed in *Doerpinghaus v. Allstate Ins. Co.*, 124 Ga.

660

App. 627 (185 SE2d 615) (1971), however, additional consideration is received in the form of UM coverage for persons other than the named insured occupying any of the several vehicles covered by the policy. We find that valuable additional consideration was received here for the additional premiums voluntarily paid for such coverage. Appellants' assertion that Allstate accepted money with no intention of ever providing coverage is without merit. *Doerpinghaus,* supra.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 12, 1993 —
RECONSIDERATION DENIED JULY 26, 1993 — 

*Rand & Ezor, Kenneth I. M. Behrman,* for appellants.

*Webb, Carlock, Copeland, Semler & Stair, David F. Root, Alston & Bird, Richard T. Fulton, Charles W. Wrinkle,* for appellee.